## In re LIBERTY ALLEY.

The Court of Quarter Sessions having no powers over roads but those which it derives from statute, cannot, under the general road-law, entertain a petition for a jury to view and lay out or widen an alley into a street. Nor under a local law, conferring upon the court power to grant views for opening or extending any street, lane, or alley, can such a petition be entertained.

THIS was a *certiorari* to the Quarter Sessions of Berks county.

The proceedings had in the court below are stated in the opinion of that court, which was delivered by JONES, P. J., in these words:—

"On the 5th August, 1845, a petition was presented to the Court of Quarter Sessions of this county, setting forth ' that public convenience seemed to require *that Liberty Alley, from Third Street to Front Street, in Reading, be widened into a fifty feet street*, and praying the court to appoint proper persons to view and lay out, *or widen*, the said alley, agreeably to the act,' &c. Upon this petition a jury of viewers was appointed, who, on the 3d of November, 1845, reported that ' they had viewed and laid out the said Liberty Alley as and for a public street of the width of fifty feet; the widening, or additional thirty feet required, to be taken from the north side of said alley.' This report was confirmed *nisi*, and within the proper time exceptions were filed.

"All the exceptions to these proceedings are in our opinion well taken. In the Church Road Case, 5 W. & S. 200, we are told that the Quarter Sessions has no powers but what it gets from the statute, and that with regard to public roads these are to lay out, or vacate, and to alter or change an established route by laying out or vacating in whole or in part. And in that case, the prayer for a view ' to widen, straighten, and fix the limits' of a road which had been laid out and used for more than a century, was held to be one which the court had no warrant to grant. Under the general road-law, then, it is obvious that this court had no authority to grant this view. Nor had it any authority for that purpose under the act of 1825 and 1826, secs. 2, 3, 4, Pamph. Laws, 115, for extending the time of holding the Quarter Sessions of Berks and Bucks, and for the better regulation of the borough of Reading. By that act, sec. 2, this court may grant views for opening or extending any street, lane, or alley, in the borough of Reading, neither of which powers, as we apprehend, will cover the prayer and object of this petition.

"Let the proceedings be quashed."

The error assigned in this court was, that "the court erred in quashing the proceedings for want of jurisdiction."

*Hoffman*, for plaintiff in error.—The petition here was framed under the act of 1826, sec. 2, Pamph. Laws, 115, and whether it can be sustained depends upon the construction of that act : Borough of Reading *v.* Green, 9 Watts, 382; Church Road Case, 5 W. & S. 200.

*Barclay*, contrà.—The general road-law, by the act incorporating Reading, does not apply to that municipality, and in the

road-laws of 1836, passed since that act of incorporation, there is a provision, sec. 81, saving local laws then in force. This case depends, then, upon the act of 1826, under which the court has no authority to widen an alley : In re Milford, 4 Barr, 313 ; 8 W. & S. 200 ; 1 Cow. 269 ; Young *v.* Martin, 2 Yeates, 312.

PER CURIAM.—Order of the Quarter Sessions affirmed, for the reasons given by the President of the court below.