## P. R. LENIG, ADMR., v. D. EISENHART.

ERROR TO THE COURT OF COMMON PLEAS OF SNYDER COUNTY.

[Argued May 13, 1889—Decided May 27, 1889.]

In an action by the administrator of a person whose life was insured, against one to whom the assured had assigned the policy two days after it was issued, and who had received payment thereof after the death of

the assured, the burden is upon the plaintiff to prove, not only that the assignee was not a relative of the assured but also that he was not his creditor.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and Mc-COLLUM, JJ.

No. 179 July Term 1887, Sup. Ct.; court below, No. 21 December Term 1885, C. P.

To the term and number in the court below referred to, Philip R. Lenig, administrator of Jacob H. Lenig, deceased, brought assumpsit against Daniel Eisenhart, to recover the amount of a policy of insurance upon the life of said deceased received by the defendant. The defendant pleaded non-assumpsit.

At the trial, the plaintiff showed that on August 7, 1870, the Home Mutual Life Association of Pennsylvania had issued a policy of insurance on the life of Jacob H. Lenig for $1,000; that two days afterward the assured in consideration of $1 assigned the policy to Daniel Eisenhart, to whom the company paid the insurance after the death of the assured on September 5, 1880. The plaintiff then called one Samuel Spitler, stating that by said witness he proposed to prove that some time after the death of Jacob H. Lenig, in a conversation witness had with the defendant, the latter admitted to him that he was to pay Jacob H. Lenig $5 for the policy; this for the purpose of showing that the insurance was speculative, and that the defendant was not a creditor of the insured. Under objection and exception to the defendant, the witness testified as follows:

"I went to Mr. Eisenhart and told him I was to get $5 from him that he owed Jacob H. Lenig for insurance taken out on his life for $1,000, and Mr. Eisenhart said that was their bargain, and he reached in his pocket and handed me $3, and said this is all he would give me; it was all it was worth."

The plaintiff then rested, when the defendant moved for judgment of compulsory nonsuit, which was granted, the court, BUCHER, P. J., saying:

The plaintiff alleges that the policy, on which the defendant received the money in dispute, was a wagering one. The law

hates such contracts. In order to make such contracts, it requires the assent of the plaintiff's intestate, as well as the defendant. The ordinary rule of law as to such contracts is, that the plaintiff cannot recover unless he can come into court with clean hands, that is, prove he has a case without showing that he too has broken the law. If he cannot do this, the law says that he is in pari delicto and there can be no recovery. The Supreme Court has made an exception to this well-known rule in these wagering life insurance policies and we propose to follow the rule. In the case on hand the plaintiff alleges that the contract was a wagering one, and he must prove it. One may have an insurable interest in the life of another in two ways : first, he must be of the blood of the insured in such a degree as to give him an insurable interest; second, the relation of debtor and creditor must exist between them. The plaintiff recognized this principle when he called witnesses to negative relationship by blood between the defendant and the assured. Proof of either of these conditions will strip the contract of the character of being wagering. The proof of non-relationship put the plaintiff half-way on the road to a recovery; but he could not stop there. He must go further and prove that the relation of debtor and creditor did not exist between the deceased and insured. The presumption is that the assignment of the policy to the defendant was all right. The law presumes that all men do right and obey the laws; that all contracts made by them are not forbidden. He who alleges the contrary must prove it. The plaintiff has so alleged, but the faint glimmer of evidence offered is insufficient to show that the relation of debtor and creditor did not exist, and hence we order a peremptory nonsuit.

Judgment having been entered, with leave, etc., the plaintiff's motion that the judgment of nonsuit be vacated was subsequently refused, when the plaintiff took this writ specifying that the court erred in sustaining the motion of the defendant and entering judgment of compulsory nonsuit, and more specifically in ruling, first, that the burden of proof was upon the plaintiff to show want of insurable interest in the defendant; second, that the evidence given by plaintiff was insufficient to show that the defendant had no insurable interest in the life of the insured.

*Mr. F. S. Simpson* and *Mr. Charles S. Wolfe* (with them *Mr. A. C. Simpson*), for the plaintiff in error.

*Mr. S. P. Wolverton* (with him *Mr. Thos. J. Smith*), for the defendant in error.

PER CURIAM:

The learned counsel for the plaintiff in error have failed to satisfy us that the court below erred in entering a nonsuit. The plaintiff proved that Eisenhart was not a relation of Jacob H. Lenig, the assured, and if he had also proved that Eisenhart was not a creditor of Lenig, he would have had a stronger case. The plaintiff contended, however, that the burden was upon the defendant to prove that he was a creditor of Lenig. We do not think so. The policy of insurance had been formally assigned to Eisenhart, and the company had paid him the money. He was prima facie entitled to retain it. The transaction upon its face was regular and legitimate. What occasion had the defendant, with the money in his pocket, to prove anything, until his right to retain it had been impeached by evidence? It must be remembered that this was not a suit against the company to recover upon the policy, but a suit by the administrators of the assured to recover the money from one to whom the company had voluntarily paid it, thus recognizing his right to recover it.

Judgment affirmed.