## J. VANORMER v. A. G. HORNBERGER ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF SNYDER COUNTY.

Argued May 13, 1891—Decided May 25, 1891.

1. Although, in an action by the beneficiary in a certificate of life insurance, to recover from an assignee, without an insurable interest, the amount received by the latter on the certificate at the death of the assured, the burden is on the plaintiff to show the want of insurable interest in the defendant;

2. Yet, evidence that the assignment was executed in blank, and afterwards filled in with the assignee's name; that, at the time, the latter did not claim to be a relative or a creditor of the assured, and that the beneficiary never knew the assignee, was sufficient to make out a prima facie case.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 65 January Term 1891, Sup. Ct.; court below No. 51 May Term 1887, C. P.

On April 25, 1887, Joshua Vanormer brought assumpsit against A. G. Hornberger and George Jacobs, Jr., executors of the will of Dr. W. H. Backus, deceased. Issue.

At the trial, on February 28, 1890, it was shown that on January 1, 1881, a certificate of insurance for $2,000, on the life of Mrs. Mary Vanormer, was issued by the Southern Pennsylvania Mutual Relief Association of Hanover. The certificate was issued through one J. G. App, as soliciting agent. The beneficiary named therein was the plaintiff, Joshua Vanormer, the husband of the assured. Mrs. Vanormer died within thirty days after the certificate was issued, and on November 30, 1881, under an assignment of the certificate to him, Dr. W. H. Backus, the defendants' testator, received from the company the sum of $286, in full discharge of the insurance. Subsequently, the sum of $48 additional was paid to defendants' attorney by the company. Dr. Backus died in December, 1886, and this suit was brought to recover the money so paid to him upon the certificate.

J. G. App, called by the plaintiff, testified that he had brought about the assignment to Dr. Backus. The plaintiff's counsel then offered to show by the witness that the assignment by Joshua Vanormer was made in blank; that it was made without the knowledge of Joshua Vanormer as to whose name was to be inserted in the blank space as the assignee; that Dr. Backus was not present when Vanormer signed the assignment; that Mr. Vanormer was not present when Dr. Backus's name was inserted in the assignment; also, that Dr. Backus, at the time his name was inserted in the assignment, did not claim to be either a creditor or a relative of Joshua Vanormer.

Objected to, as irrelevant and immaterial, and for the further reason that the evidence offered is in contradiction of the written instrument, the paper upon which they rest to claim title.

By the court: The plaintiff having already shown by one witness that Dr. Backus was not a relative of Mr. Vanormer,

Statement of Facts.

and, testifying from his knowledge, that he believed he was not a creditor, we think now that the circumstances under which the assignment was made may become a link in the chain and may be proved to ascertain whether there was a credit relationship existing between the assignor and assignee. We therefore overrule the objection and admit the evidence; exception.[2]

" Q. Was Dr. Backus present when Mr. Vanormer signed this assignment? A. No sir. Q. Did Mr. Vanormer know that his name was to be inserted as the name of the assignee? A. Not at that time. Q. Was Mr. Vanormer present when Dr. Backus's name was inserted? A. No sir. Q. Did or did not Dr. Backus, at the time his name was inserted as the assignee, claim to be a creditor or relative of Mary Vanormer? A. He made no mention of that to me. Q. Was his name inserted in this assignment as the assignee of the certificate upon such consideration? A. No sir. Q. For what purpose was the assignment taken? Objected to. Q. Go on in your own way and tell how this assignment was made, what you did? A. There were other assignments, and this assignment was taken in blank; I did not know at the time who was going to get the policy. My first object was to secure the assignments, and then see to whom I could dispose of them; and amongst them was Dr. Backus, and Dr. Backus's name was not inserted in the assignment until after I had sold it to him. The assignment was taken in blank from Joshua Vanormer. "

Plaintiff's counsel offered to prove by the witness that he took out a large amount of insurance on the life of Mrs. Mary Vanormer; this for the purpose of showing that this insurance was taken out for speculative purposes. Objected to.

By the court: Objection overruled; exception.[3]

Answer: " If my memory serves me right, I took out $30,000 at one time."

Plaintiff's counsel proposed to ask the witness whether at the time he negotiated and sold this policy to Dr. Backus, Dr. Backus paid any consideration whatever to Mr. Vanormer for the assignment. Objected to.

By the court: Objection overruled; exception.[4]

The witness was unable to answer, as he had " sold the business " to Dr. Backus.

Charge of Court below.

Washington Vanormer, a son of the plaintiff, testified that
his father was ninety-five years of age; that Dr. Backus was
not a relative of his father, and he did not think his father
knew him; never heard him speak of him in his life, and never
heard that his father had any dealings with Dr. Backus.

At the close of the testimony, the court, BUCHER, P. J.,
charged the jury in part as follows :

[It is, as we have said to you, against the policy of the law to
allow any one to recover on an insurance policy upon the life
of another who has not an interest in the continuance of that
life. It is held in Pennsylvania that a near relative has such
an interest in the continuance of the life of another, and that a
creditor has such an interest, and those are the only two cases
in which one may have a policy of insurance upon the life of
another. It is not claimed that Dr. Backus in this case was a
relative; and the only question, therefore, for the jury to de-
termine is whether or not he was a creditor. If he was not a
creditor, and it is not contended that he was a relative, he
would have no insurable interest in the life upon which this
policy was issued, and therefore could not recover.] [6]

The first question of fact for this jury to determine is,
whether Dr. Backus was a creditor of Mr. Vanormer, or
whether he was not. Any proposition may be proven by evi-
dence which is sufficient to carry conviction to the minds of
the jury of the existence of that proposition. Any fact may
be proven of which there is evidence sufficient to carry con-
viction to the minds of the jury. There is some evidence in
this case referring to the relation of debtor and creditor; its
weight is for the jury. You have heard the evidence of Mr.
Washington Vanormer; you have also heard the evidence of
Mr. Cress and Mr. Smith; [you have heard the evidence of
Mr. App, who states the manner in which this assignment was
made, and testifies to the manner in which these policies were
issued.] [7] This is the only evidence in the case tending to
show whether Dr. Backus was a creditor or not.

The burden of proof rests upon the plaintiff, in this case, to
satisfy you that there was no creditor and debtor relation
existing between the parties. If they have satisfied you that
there was no creditor and debtor relation existing between

Opinion of the Court.

these parties, then your verdict should be for the plaintiff. If the evidence is not sufficiently strong to carry conviction to your minds that there was no such relation existing between these parties, then the plaintiff could not recover. You will consider it and weigh it, and determine for yourselves whether or not there was a relation of debtor and creditor existing between Dr. Backus and Mr. Vanormer. If there was no such relation, then your verdict should be for the plaintiff; if there was such relation existing between them, then you should find for the defendant. . . . .

—The jury returned a verdict for the plaintiff for $342.81. A rule for a new trial having been discharged and judgment entered, the defendants took this appeal, specifying that the court erred:

2–4. In the admission of plaintiff's offers.[2 to 4]

6, 7. In the portions of the charge embraced in [ ] [6 7]


*Mr. F. E. Bower*, for the appellants.

Counsel cited: Scott v. Dickson, 108 Pa. 13; Corson's App., 113 Pa. 445.


*Mr. B. F. Burchfield* (with him *Mr. T. J. Smith*), for the appellee.


PER CURIAM:

This case comes clearly within the ruling in Gilbert v. Moose, 104 Pa. 74, and Downey v. Hoffer, 110 Pa. 109, in which it was held that one man having no interest in the life of another cannot speculate upon it by taking out an insurance thereon. In this case, the policy was taken out on the life of Mrs. Mary Vanormer, and nominally for the benefit of the husband, and by him assigned to Dr. W. H. Backus, who was not a relative of the assured, nor had he any insurable interest in her life. The evidence in regard to the real nature of the transaction was objected to, and its admission assigned as error. See second, third and fourth assignments. We think this evidence was properly received, and it showed very clearly that the transaction was a mere speculation on the life of the assured. In other words, it was a gambling policy. It appears that the agent who effected the insurance placed about thirty thousand dollars on

the life of this woman, obtained the signature of the husband to blank assignments of the policies, and then peddled them, about wherever he could find customers for them. It was proved upon the trial that Dr. Backus was not a relative of the assured, and there was some proof that he had no insurable interest: in other words, that he was not a creditor. As the assured was dead, and the money paid over by the company to Dr. Backus, it may be conceded the burden was upon the plaintiff to show that Backus had no interest. This, however, required the plaintiff to prove a negative, and slight evidence would throw the onus upon the defendant. If he was in point of fact a creditor of Mrs. Vanormer or of her husband, the proof was peculiarly within his power, and he could easily have produced it.

Judgment affirmed.