## Bonistalli, Admrx., *v.* Bonistalli, Appellant.

*Partnership—Dissolution—Division of assets—Insurance policy
—Sale and assignment of joint policy to one of the partners—
Equitable assignment—Insurable interest.*

1. Where two brothers, who are partners, take out a joint policy
of life insurance on their lives, and on dissolution one of the
partners purchases the policy at a valuation, and it is included at
such valuation in a list of assets which he takes and pays for in a
lump sum, taking a receipt therefor, the policy, without further
written assignment or transfer on the books of the insurance com-
pany, becomes the property of the partner purchasing it, and, upon
the death of the brother, he is entitled to the proceeds of it.

2. As the policy was properly issued to protect the firm, and as
the partners were blood relations and had joint business affairs the

purchaser of the policy had an insurable interest in the life of his brother.

3. As the undisputed evidence showed a sale and equitable assignment of the policy, it was reversible error, in a suit by the widow of the deceased brother to recover the proceeds from the assignee, to submit the question of sale and assignment to the jury as one of fact.

4. Even if there had been no assignment, the proceeds would have been a firm asset and not the individual property of the deceased brother's estate.

Argued October 13, 1920.  Appeal, No. 111, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., April T., 1918, No. 1564, on verdict for plaintiff in case of Caroline Bonistalli, now Caroline Gilardi, administratrix of William A. Bonistalli v. Joseph Bonistalli.  Before Brown, C. J., Frazer, Walling, Simpson and Kephart, JJ.  Reversed.

Assumpsit to recover proceeds of policy of life insurance.  Before Ford, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,545.93.  Defendant appealed.

*Errors assigned* were various instructions, sufficiently appearing by the opinion of the Supreme Court, and refusal of defendant's motion for judgment n. o. v., quoting record.

*Charles A. Poth,* with him *Thomas L. Kane,* for appellant, cited: Haberfeld v. Mayer, 256 Pa. 151; Phillips's Est., 238 Pa. 423.

*John E. Laughlin,* for appellee.

Opinion by Mr. Justice Walling, December 31, 1920:

This is an action in assumpsit for the proceeds of a life insurance policy.  Two brothers, William A. and Joseph Bonistalli, of Pittsburgh, were there engaged in

business as partners, under the firm name of the Northern Incandescent Light Company, and in 1912 took out a joint insurance policy for $2,500 upon their lives; the company paid the premiums and to it the loss was payable on the death of either partner. In June, 1916, they agreed to dissolve the partnership, but the matter was delayed until early in 1917 when Joseph filed a bill in equity for a dissolution. Thereafter, by advice of counsel, a certified public accountant, Wm. S. Sutton, was employed to audit the company's books; which was done, and, on May 17, 1917, Sutton met with the parties and their attorneys, whereupon an adjustment was effected, by which Joseph took the merchandise and some other articles of firm property at an agreed price. Then the question of the disposition of the life insurance policy came up and the suggestion was made that it might be surrendered at its cash value; to ascertain this a supervisor of the insurance company was called in and its cash value placed at $298.97. Whereupon Joseph asked that the policy be assigned to him at that value, which was agreed to. On the same day Sutton made a list of the merchandise and other property then divided, headed: "Statement of the First Separation of Partnership Assets as of April 10, 1917. Purchased by Joseph at Attorneys Meetings." Under this is a list of property with the value, including "Joint Life Insurance Policy Equitable Life, $298.97." This is followed by a list of property purchased by William at same meetings, with the amounts of the respective purchases carried out, and the statement concludes: "Cash Settlement to be made to William by Joseph covering above mentioned items as of April 10, 1917, $4,838.00. Received, Pittsburgh, Pa., May 17th, 1917, of Joseph Bonistalli, the above sum of Four thousand eight hundred thirty-eight dollars ($4,838.00). [Signed] William A. Bonistalli."

There were some items of partnership assets, including cash, not embraced in the above division, and therefrom Joseph paid the premium on the policy, which

was then overdue; however, that payment was charged to him in a statement subsequently made by Sutton. Joseph removed the merchandise to an adjoining building and William bought new goods and continued in the old storeroom, but neither was successor to the firm. The policy remained in Joseph's possession until the death of William on November 25, 1917.

In addition to the firm's assets, the brothers owned together several pieces of real estate, upon which their joint obligations were outstanding. On December 5, 1917, ten days after William's death, the insurance company paid the full amount of the policy by warrant drawn to the joint order of Joseph Bonistalli and Northern Incandescent Light Co. He endorsed the warrant in his own name and that of the company by him as surviving partner and retained the proceeds; to recover which William's administratrix brought this suit.

The evidence for plaintiff was to the effect that at the time of the settlement, on May 17, 1917, there was a verbal agreement between the brothers that William's name was to be taken from the policy and the same continued upon the life of Joseph only, and that they were to go at once to the agent of the insurance company and have a transfer formally made to that effect. They never did so and neither brother made any request or took any steps in that direction. There was evidence for defendant denying such alleged verbal agreement, and the trial judge instructed the jury that if they found that question in favor of plaintiff she was entitled to recover the full amount of the policy. He also instructed the jury in effect that if they found William had not sold and assigned his interest in the policy to Joseph, plaintiff was entitled to a like recovery. The defendant's request for binding instructions was refused and the jury found for the plaintiff for the full amount; from judgment entered thereon defendant brought this appeal.

The judgment cannot be sustained. The policy was properly issued to protect the firm, and, considering their

blood relationship and joint business affairs, Joseph had an insurable interest in the life of his brother: Phillips's Est., 238 Pa. 423; Haberfeld v. Mayer, 256 Pa. 151; Ulrich v. Reinœhl, 143 Pa. 238; Scott v. Dickson, 108 Pa. 6; Wheeland v. Atwood, 192 Pa. 237; Appeal of Corson, Ex'r, 113 Pa. 438; Lawler v. Home .L. Ins. Co. of Am., 59 Pa. Superior Ct. 409; Ætna Life Ins. Co. v. France, 94 U. S. 561; Fidelity Mut. Life Assn. v. Jeffords, 107 Fed. 402, 410, 411. Defendant being an assignee of the policy, the burden was upon plaintiff to prove such facts as deprived him of the right to retain the insurance (Lenig v. Eisenhart, 127 Pa. 59; Insurance Co. v. Roth, 118 Pa. 329), and no such proof was made. The case presents no feature of a wagering contract.

The undisputed written evidence shows a sale and equitable assignment of the policy to Joseph on May 17, 1917; it was, therefore, error to submit that question to the jury as one of fact. It is vain to urge that the policy had not been sold to Joseph when William had received payment in full therefor and signed a receipt at the foot of the statement, which showed the policy as an item purchased by Joseph and embraced in the settlement; and there is neither averment nor proof of fraud, accident, or mistake. The transfer was valid as an equitable assignment, although not made on the books or blanks of the insurance company: Hani v. Ins. Co., 197 Pa. 276, 279. Assuming the verbal agreement as claimed, it was as much the duty of William as of Joseph to have the former's name dropped from the policy. William had no interest therein after the settlement and there is no claim that under any circumstances he was to have any, or that the assignment was not to take effect until his name was removed from the policy. Defendant did nothing to prevent carrying out the alleged verbal agreement, while William, who lived over six months and repeatedly stated that he had sold the policy, made no effort to have his name dropped therefrom; now, when

his death has changed the status, it is too late. Had the policy been so changed, Joseph would now have it on his own life, with many premiums paid thereon, while by the verdict he loses what he paid as a partner in premiums, and also the cash value thereof paid his brother, and has nothing, yet the latter's estate gets the entire fund in the face of the fact that he had sold the policy for its full cash value as a joint policy and never offered to return the consideration or rescind the contract. After the assignment, it was Joseph's policy and any amount received thereon was prima facie his. Treating the verbal agreement as established and carried out, it would have delayed the maturity of the policy until Joseph's death, but it would not have revested any interest therein either in William or his estate. Plaintiff's action fails because she has shown no right to the fund.

Had there been no assignment, the amount received on the policy would have been a firm asset and not the individual property of William's estate.

The judgment is reversed and here entered for the defendant non obstante veredicto.