## Automobile Finance Co., Appellant, *v.* Brownstein.

*Bailments—Bailment leases—Automobiles—Replevin—Affidavit of defense—Averments—Sufficiency.*

In an action of replevin to recover an automobile, leased on a bailment lease providing that upon payment of the entire rental and the additional sum of one dollar the automobile should become

the property of the lessee, an affidavit of defense is sufficient, which avers that the defendant had paid five hundred dollars on account of rent, that the plaintiff had agreed to procure accident insurance, which he did not procure, that the defendant suffered an accident which necessitated repairs to the machine, and that he tendered the plaintiff the entire balance due under the lease, less the amount of repairs which plaintiff had agreed to pay.

Argued December 15, 1920. Appeal, No. 317, Oct. T., 1920, by plaintiff, from judgment of C. P. No. 1, Phila. County, March T., 1919, No. 2752, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Automobile Finance Company v. Ephraim Brownstein. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Replevin under a bailment lease.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*George J. Edwards, Jr.,* and with him *Ralph S. Croskey,* for appellant.—The term having ended, the contract entitled the plaintiff to have the automobile returned. The offer of tender was invalid: Cobb & Chase v. Deiches, 7 Pa. Superior Ct. 252; Potter v. Stetson & Co., 11 Pa. Superior Ct. 627; Painter v. Snyder, 22 Pa. Superior Ct. 603; Stead v. Randall, 236 Pa. 64; Vulcanite Company v. Chester Trac. Co., 52 Pa. Superior Ct. 447.

*Louis Bernstein,* for appellee.

OPINION BY HENDERSON, J., March 5, 1921:

The plaintiff leased a second-hand automobile truck to the defendant by an agreement dated July 2, 1918,

wherein it was provided that the lessee should pay to
the plaintiff the sum of $700, as full rental for the term;
$350 of which was to be paid at the delivery of the lease,
and the balance in installments of $25 each, on the first
and fifteenth days of each succeeding month, beginning
July 15, 1918. The lease contained a further provision
that upon the termination thereof, and the surrender of
the truck to the lessor, and the payment in cash of the
rent, the lessee should thereupon become the owner of
the leased property on the further payment of $1. The
defendant paid the first installment, and $150 in the
following months. The contract provided that insur-
ance should be taken out for fire and theft in the
amount of $700; the cost of which was stated in the
contract to be $102.75, which sum the defendant paid
to the plaintiff on the requirement of the latter that the
insurance should be placed in a company furnished
by the plaintiff. About two weeks thereafter, the defend-
ant sustained an accident which resulted in injury to
the truck. The defendant notified the plaintiff of this
occurrence, and was referred to the Furey-Ellis Com-
pany which was supposed to have issued insurance poli-
cies on the truck. He was then informed that no insur-
ance had been taken out. He brought the subject to the
attention of the plaintiff and was directed to have the
machine repaired, for which plaintiff agreed to reim-
burse the defendant to the amount of $86.81. This was
never done. The defendant then consulted an attorney
on whose advice he tendered the plaintiff the sum of
$114.18, which money the plaintiff refused to receive.
This is alleged to be the amount then due on the contract
after reimbursing the defendant to the amount of $86.81
which the plaintiff agreed to pay him on account of the
repairs. This defense was presented in the affidavits of
defense filed. The court discharged the rule taken by the
plaintiff for want of a sufficient affidavit of defense, and
this action is assigned for error. The appellant contends
that it had an absolute title to the property; that there

was a default in the payment of the rent; that the tender was invalid. There can be no doubt that the contract was entered into with the intention that the lessee should become the purchaser of the truck; half the rent named in the lease was paid in hand and the balance was to become due within a short period. The value of the machine was evidently not more than $700. It is not within the limits of probability therefore that rent equal to the whole value of the truck was to be paid simply as rent for so short a period. The contract was executory. The lessor was to transfer his title to the lessee on the payment of $700 and $1 additional, as per the terms of the lease. In the language of the contract the lessee "shall thereupon become the owner of the leased property upon the further payment of $1." It was a lease for a term with a covenant to sell when the lessee complied with the terms of the lease. Five hundred dollars had been paid on a $700 contract, and as claimed by the defendant, he placed in the hands of the plaintiff $102.75 which should have been applied to insurance and which the plaintiff did not so apply. This was an averment of a material breach in the contract between the parties. According to this showing, the lessor had received $602.75 from the defendant. The defendant, having a vested interest in the truck, by reason of the plaintiff's agreement to transfer it to him, had legal standing on the plaintiff's default with respect to the use of the insurance money to offer to pay the amount due and demand the title to the truck. On the facts set forth, we are unable to agree with the learned counsel for the appellant that the tender was not sufficient. Indeed it may be questioned whether a tender was necessary where the contract was executory and the obligations of the parties mutual. It is sufficient to put the opposite party in default to show that the party owing the money was ready and willing to pay on receiving the consideration to which he was entitled: Henry v. Raiman, 25 Pa. 361; Appleton v. Donaldson, 3 Pa. 381. But

if a strict tender were necessary, the person to whom it was made can raise no other objection to it than that which was made at the time of tender, and the affidavit shows that the tender was refused unconditionally. An offer to pay money by one who has it with him is good without exhibiting it where the offer is unconditionally refused: Fitzpatrick v. Engard et al., 175 Pa. 393; Eberz v. Heisler, 12 Pa. Superior Ct. 388. There is no pretense here that the tender was refused because the thing tendered was not a legal tender. The contract called for the payment of "cash" and in the absence of objection to the money tendered because of its quality, advantage cannot now be taken of the fact that it is not averred to be legal tender. Nor is the objection good that it is not averred that the tender was in money, for the supplemental affidavit asserts that the plaintiff refused to "accept the money." We are not convinced that the defendant was not in a position where if he paid the amount agreed on he could require the plaintiff to assign to him the title of the latter to the truck. At the time of the lease, it was the property of the plaintiff; he agreed to make over the title to the defendant when the rent and the additional dollar were paid. It is not the case of one owing a debt where nothing is to be done by the person to whom the debt is due except receive the money. The plaintiff had a duty to perform, to wit: give a title to the defendant for the truck, when the lessee complied with the terms of the lease. It is not material that the defendant contracted to keep the truck in repair. If he paid the money to the plaintiff to procure indemnity against accident or loss, he is entitled to the benefit of his contract, and the plaintiff was not at liberty to appropriate the money to its own use and deprive the defendant of the protection for which he had paid. We are not convinced that the learned court erred in discharging the plaintiff's rule.

The judgment is affirmed.