## Pratt v. Magee and McClure.

*Evidence—Burden of proof—Truth of a negative.*
1. In civil cases, with some exceptions, whosoever asserts a right dependent for its existence upon a negative must establish the truth of the negative.

*Practice, C. P.—Affidavit of defence—Statement of claim—Replevin.*
2. Judgment for want of a sufficient affidavit of defence will not be entered for a plaintiff who has not in his statement of claim shown at least a *prima facie* case in his favor.

*Bailment—Conditional sale—Lease—Final instalment.*
3. Where a motorcycle is leased by one person to another for a definite term, at a certain rental, with a provision in the lease that after the payment of the last instalment of rent the lessee may, at his option, purchase the motorcycle by paying to the lessor an additional nominal amount, the contract is one of bailment and not a conditional sale.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Fayette Co., June T., 1921, No. 235.

*Sturgis, Morrow & Sturgis*, for plaintiff; *Charles W. Rush*, for defendants.

VAN SWEARINGEN, P. J., Nov. 22, 1921.—We are asked to enter judgment for the plaintiff for want of a sufficient affidavit of defence. The action is one of replevin for recovery of possession of a motorcycle valued at $225. By written contract under date of April 10, 1920, plaintiff leased the motorcycle to the defendant, G. E. Magee, for a period of four months from the date of the contract, "for the sum of $50 deposit, and the further sum of $43.75 per month" during the continuance of the lease, it being provided also in the contract that if all said payments be made when due, then, after the payment of the last instalment of rent, the lessee might, at his option, purchase the motorcycle by paying to the lessor an additional nominal amount designated in the contract.

In plaintiff's statement of claim it is alleged that, "in violation of the bailment agreement, the defendant, G. E. Magee, wrongfully sold said motorcycle to the defendant, William McClure, and converted the proceeds; that

the title to the motorcycle never was in the defendant, G. E. Magee; therefore, he could pass no title to the defendant, William McClure; that the possession of the motorcycle is now, and has been for some time, in the defendant, William McClure, who, by himself or his agents, and by force and arms, unlawfully detains same from the plaintiff." The affidavit of defence by McClure alleges that the agreement between the plaintiff and the defendant, Magee, constituted a conditional sale, under which title to the motorcycle passed to Magee.

The specification of alleged insufficiency of the affidavit of defence was in construing the agreement to constitute a conditional sale agreement instead of a bailment contract.

We are of opinion that the transaction between the plaintiff and Magee constituted a bailment and not a conditional sale. "If from the contract we discover that the party who receives the possession of the goods receives them under an agreement that he is to retain them for a definite period, and if at or before the expiration of that period he pays for them, he is to become the owner, otherwise to pay for the use of them, this is but a bailment, and the title to the property, even as against creditors, remains in the bailor:" Edwards's Appeal, 105 Pa. 103. "Where the possession of personal property is transferred under an express contract of lease or other bailment contract, the mere fact that there is a superadded executory agreement for the sale of the property to the transferee upon the payment of a certain price at any time during the bailment does not convert the bailment into a sale, and until the execution of the contract of sale by the payment of the price the title to the property remains in the bailor, even as against the bailee's creditors:" Potter v. Stetson & Co., 11 Pa. Superior Ct. 627. "Where by a contract the vendee receives a chattel which he is to keep for a certain period, and if in that time he pays for it the stipulated price he is to become the owner, but if he does not pay the price he is to pay for its use, the vendee receives it as a bailee, and the right of property is not changed until the price is paid:" Enlow v. Klein, 79 Pa. 488. To constitute a bailment, payment for the use of the bailed goods is not always necessary. Neither is a stipulation for the return of the property on the expiration of the time during which the bailment is to operate necessary where the bailment is for a fixed period, for if it is not returned, the bailor may resort to his legal remedies and thus enforce the contract: Edwards's Appeal, 105 Pa. 103; Painter v. Snyder, 22 Pa. Superior Ct. 603.

After reviewing many cases, the court below, in Ott v. Sweatman, 166 Pa. 217, 221, whose opinion was adopted by the Supreme Court, said: "A careful examination of these cases will show that they may be reduced to two classes, one in which the goods have been bailed to the defendant, with the right in him to purchase them during the continuance of the bailment or at its termination, and the other in which the goods have been delivered to the defendant under a contract of sale and the seller has sought to retain a lien on them for the price. In the former, the goods are not subject to the levy during the existence of the contract of bailment, nor until the title has actually vested in the bailee; in the latter, they are subject to the levy so soon as they reach the possession of the purchaser, though no part of the price has been paid."

In the present case the contract was executory; it was a lease for a term, with a covenant that the lessee should acquire title to the property leased when he complied with the terms of the contract; it, therefore, was a bailment agreement: Automobile Finance Co. v. Brownstein, 76 Pa. Superior Ct. 197. As to the effect of a judgment for want of a sufficient affidavit of

1 D. & C.

defence in an action of replevin, reference may be had to Painter v. Snyder, 22 Pa. Superior Ct. 603.

But we do not think the plaintiff is entitled to judgment on the record as it now stands. The action was not instituted until April 19, 1921, which was more than eight months after the expiration of the bailment period created by the contract between the plaintiff and Magee, and there is no allegation in plaintiff's statement of claim of any default on the part of Magee in the payment of any of the instalments of rent specified in the bailment contract, or in the payment of the additional nominal sum required by the contract for the purchase of the motorcycle by Magee after the payment of the last instalment of rent. If Magee made all of these payments, his title to the motorcycle thereupon became complete and he could convey a good title to the motorcycle to McClure. It is true plaintiff in his statement of claim says that "in violation of the bailment agreement, the defendant, G. E. Magee, wrongfully sold said motorcycle to the defendant, William McClure, and converted the proceeds; that the title to the motorcycle never was in the defendant, G. E. Magee; therefore, he could pass no title to the defendant, William McClure." But those statements are but mere conclusions of law, not based upon proper and necessary allegations of fact.

There can be no doubt that the contract between the plaintiff and Magee was entered into with the intention that the lessee should become the purchaser of the motorcycle. Fifty dollars of the rent specified in the lease was to be paid as deposit, and the remainder thereof in four equal monthly instalments of $43.75 each, making a total of $225, the full value of the property. It is not within the limits of probability that rent equal to the whole value of the motorcycle was to be paid simply as rent for the short period of four months, or that if all of the rent was paid, the lessee would not pay the additional nominal amount required by the contract to enable the lessee to acquire title to the motorcycle as a purchaser. Yet it is not alleged by the plaintiff in his statement of claim that Magee defaulted in the payment of any of these amounts. The nature of the transaction was such that unless Magee defaulted in the payment of the amount required as a deposit, or of some of the monthly instalments of rent, or that he neglected or declined to exercise his option to purchase the motorcycle by the payment of the additional nominal sum after the payment of the last instalment of rent, which it hardly can be conceived he would do if he paid all the rent, the plaintiff is not entitled to recover in this action. Plaintiff's right to recover, therefore, depends upon the appearance in the case of some of these negative facts. It must be plaintiff's contention that at least some of these negatives are true. But the party whose contention requires proof of a negative fact has the burden of evidence to prove that fact. In civil cases, with some exceptions not present here, "Whosoever asserts a right dependent for its existence upon a negative must establish the truth of the negative by a preponderance of the evidence. This must be the rule, or it must follow that rights, of which a negative forms an essential element, may be enforced without proof:" 22 Corpus Juris, 80, note 33 (a).

Magee having acquired possession of the motorcycle legally more than a year before this action was brought, and thereafter having transferred possession of it to McClure, the latter, with the motorcycle in his possession, is not required to prove anything until his right to retain possession of the motorcycle has been impeached by evidence: Lenig v. Eisenhart, 127 Pa. 59; Vanormer v. Hornberger, 142 Pa. 575; Phillips's Estate, 238 Pa. 423; Haberfeld v. Mayer, 256 Pa. 151; Bonistalli v. Bonistalli, 269 Pa. 8; United

Pratt v. Magee and McClure.

Security Life Ins. and Trust Co. v. Brown, 270 Pa. 264. And the plaintiff, having failed to allege default in any of the matters specified, would not be permitted to prove such default upon the trial of the case without first amending his statement of claim. This question has not been raised by the affidavit of defence, but the court would not be warranted in entering judgment for a plaintiff who has not in his statement of claim shown at least a *prima facie* case in his favor. In Kaufmann & Baer Co. v. Rice, 30 Dist. R. 535, we held that judgment for alleged default in the performance of the provisions of a contract should not be entered without at least an affidavit in some form that the alleged default actually has occurred. Here, the default, if there be any, is not even alleged.

And now, Nov. 22, 1921, the rule for judgment for want of a sufficient affidavit of defence is discharged, but leave is given plaintiff, upon notice to defendants, to amend his statement of claim, if the facts of the case justify it and he desires to do so.          From Luke H. Frasher, Uniontown, Pa.