## M. L. BRENNAN v. J. J. FRANEY.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 18, 1891—Decided May 11, 1891.

(a) In an assumpsit by the beneficiary of a life-insurance policy, against an assignee having no insurable interest, to recover the proceeds of the policy paid in full to the defendant, the latter set up an outstanding title to one third of the fund in a third person as an assignee having an insurable interest:

1. Such third person, testifying on the trial, averring a surrender to the plaintiff prior to the assignment to the defendant, and disclaiming all interest in the fund, the defendant was not entitled to set up such alleged outstanding interest as a defence pro tanto: the act of March 14, 1873, P. L. 46, was inapplicable.

2. Nor had the defendant the right to set up title to another interest in the fund in a fourth person, without an insurable interest, to whom, being jointly interested with the defendant in the assignment of the policy, the latter had paid one third of the amount received by him, before suit brought.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 40 January Term 1891, Sup. Ct.; court below, No. 284 March Term 1888, C. P.

On February 13, 1888, Mary L. Brennan brought assumpsit against James J. Franey.  Issue.

At the trial, on January 23, 1890, it was shown that on April 6, 1883, John Dalton became a member of the U. B. Mutual Aid Society of Pennsylvania, receiving a policy of insurance on his life for $3,000, payable on his death to Mary L. Brennan, one of his daughters, the plaintiff in this suit. Shortly afterwards, by an assignment which was lost, but an approval of which was indorsed by the society on the policy on January 18, 1884, Mary L. Brennan assigned one thousand dollars of the policy to Annie O'Brien, also a daughter of the assured; and on January 20, 1885, she assigned another one thousand dollars thereof to William Delaney, who had no insurable interest in the life of the assured. . Annie O'Brien, becoming unable to pay the assessments made on the policy asked Michael D. Malone to buy her interest, or to find a purchaser of it for her. Malone, as was claimed, agreed to purchase it, with the understanding that his part would be carried in the name of James J. Franey, to whom Mary L. Brennan and William Delaney were about to transfer the remainder of the policy.  Malone had no interest in the life of the assured.  On November 4, 1885, Mary L. Brennan, Annie O'Brien, and a third daughter, the only other child of the assured, joined with William Delaney in executing an assignment of the policy to James J. Franey, defendant in this suit.  Franey had no insurable interest in the life of the assured except, as was alleged, he was his creditor for a small amount.  Dalton, the assured, died on May 5, 1887, and on June 25, 1887, Franey was paid by the society the sum of $2,681.12, in full for the amount due on the policy after deducting unpaid assessments.  Soon afterward, Franey accounted to Malone for one third of the money received.

Annie O'Brien testified that she made no claim as against her sister to " this money or policy; " that she did not have it very long before she was willing to give it to her sister: " Franey would not take the paper unless all the children signed it. . . . . I told him I did not claim anything, that I had given it to my sister long ago."

A condition of the policy provided that " an assignment or transfer of membership, to be valid and binding, must be ap-

Charge of Court below.

proved by the secretary and have the society's seal affixed thereto."

At the close of the testimony, the court, GREEN, J., charged the jury in part as follows:

The defendant requests the court to charge.

2. That if the jury believe that Annie O'Brien had, transferred to her, one thousand dollars of the policy, to wit, one third of the same, and the same was transferred to Franey by said Annie O'Brien, then the title to this one thousand dollars still remains in Annie O'Brien, and Mary L. Brennan cannot recover the interest now in Annie O'Brien.

By the court: This point we decline to affirm, and refer for further answer to our general charge.[1]

3. That if the jury believe that Michael D. Malone received one third of this policy, by reason of an assignment to him from Annie O'Brien, and this assignment was known to and concurred in by the plaintiff, and she took no steps and gave no notice to keep Franey from paying Malone the said one third interest in this policy, then the said Mary L. Brennan is estopped from now claiming the amount so paid to the said M. D. Malone.

By the court: This point we decline to affirm, under the uncontradicted facts of the case. There is no evidence of an assignment to Malone. It is uncontradicted that the assignment was made to Franey. The fact that Malone may have claimed a beneficial interest, which was known to the plaintiff who gave no notice, will not estop her from claiming the amount paid to the said Malone.[2]

6. That, if the jury believe that John Dalton, the insured, at the time of the transfer of this policy was indebted to said James J. Franey, the defendant, in any amount, it gave him an insurable interest to that amount and he is entitled to a credit for the same.

By the court: This point we affirm.

9. That this action being brought by Mary L. Brennan for money received for her use, and not upon the policy of insurance itself, she can only recover the amount of money to which she would be entitled upon a distribution of the proceeds of that policy; and therefore, if the jury believe that

Charge of Court below.

Annie O'Brien was the owner of one third of the said policy, to wit, one thousand dollars, at the time of the payment to Franey, then the said Annie O'Brien could sue for and recover only the said one third, and the said Mary L. Brennan, the plaintiff, could not recover that interest in this action.

By the court: We have already answered that.[3]

10. That if the jury believe that, before the bringing of this suit, the said Annie O'Brien did not direct or assent to the bringing of this suit, then Mary L. Brennan cannot recover in this suit for the interest of the said Annie O'Brien, and the same is yet outstanding and can be recovered only by the said Annie O'Brien, and not by Mary L. Brennan in this suit.

By the court: We answer that the same way as the other, we decline to affirm it.

Gentlemen of the jury: You see from the questions of fact and questions of law that have already been decided in this case, that there is practically very little left for you to pass upon. . . . .

There are certain policies of life insurance that a man cannot hold. A policy of life insurance can only be held by some person who has an interest in the life of another. Where a policy is held by a party who has only an interest in the death of another, he cannot hold it, for the reason that it is against the policy of the law that men should hold a policy of insurance when their only interest in it is that the person shall die. It is contrary to the policy of the law, for the reason that, if policies of this kind, which are called wagering or speculative policies, were permitted, it would present temptation to fraud and crime; and therefore, the law says that unless the party for whose benefit the policy is taken out has an interest in the life of the party, no other person shall have the right to hold any policy. . . . .

So far as a creditor is concerned, if a creditor to the extent of one hundred dollars, or two hundred dollars, should undertake to procure a life insurance policy on his debtor's life in the sum of ten thousand dollars, such a disproportion would make it a wagering policy. The policy would be of no effect, simply because there would be such a disproportion between the amount of the policy and the amount of the debt as would go to show the debt was simply used as a cover for the purpose

### Charge of Court below.

of holding a wagering policy of that kind; and therefore it is that, whilst it may be true that Mrs Brennan may have no meritorious interest so far as this policy is concerned in her, because she had assigned to another party all her interest in the policy and had received money for the consideration, yet as this policy was originally a valid one, being issued by this company to a person who had a right to hold it, and as that policy had been kept alive and the money paid by the insurance company to the party, and as the policy of the law says that a person who holds a wagering policy, having no interest in the life of the person insured, shall not be permitted to reap any benefit from it, Mrs. Brennan has a right to call upon Franey for repayment to her of the money received by him, less what the policy has cost him. It does not require that he should be an actual loser of money; but Mrs. Brennan would be entitled to receive from Franey the amount that Franey received, less such deductions as have already been indicated in the answers to the points that have been presented.

There is no dispute between the plaintiff and the defendant so far as the law is concerned. There is no doubt as to the fact that Mrs. Brennan is entitled to receive something from Mr. Franey, and it is a matter of calculation as to what amount should be deducted from the amount that he received; what amount of credit should be allowed to Mr. Franey, and what Mrs. Brennan should be entitled to receive from him. . . . .

So far as the claim is concerned that Mr. Malone had received one third of the money, we have already disposed of that by saying that Mr. Franey would be liable for the whole of it, for the reason that Franey received the money from the company and he had no right to pay it over to Malone. He had only a right to pay it over to the parties who were entitled to receive it, and the party who was entitled to receive it was Mrs. Brennan; and therefore, as far as that is concerned, we say to you Franey would be liable for the whole amount.

—The jury returned a verdict in favor of the plaintiff for $2,061.62. Judgment having been entered, the defendant took this appeal, assigning for error:

1–3. The answers to the defendant's points.[1 to 3]

*Mr. John A. Nash,* for the appellant.

Opinion of the Court.

Counsel cited: Act of March 14, 1873, P. L. 46; Blymire v. Boistle, 6 W. 182.

*Mr. J. W. Ryon* (with him *Mr. James Ryon*), for the appellee.

Counsel cited: Armstrong v. Lancaster City, 5 W. 68.

OPINION, Mr. JUSTICE McCOLLUM :

The appellee is the beneficiary named in the policy, which was issued on the life of her father. In that life the appellant, to whom the policy was finally assigned, had no insurable interest, but at its expiration he received the insurance money. From it he was allowed to deduct the amount of the assessments he paid to the insurance company, and the sums he paid to the appellee and the intermediate assignees, for their advances to maintain the policy. With this allowance he is not satisfied, and he brings the case here on the claim that he is entitled to retain one third of the balance for Annie O'Brien, and to a credit for another third of it, which he alleges he paid to M. D. Malone.

Annie O'Brien is a sister of the appellee, and joined in the assignment to the appellant, who required that all the children of the insured should execute it. At one time she held an assignment from her sister of a one third interest in the policy, but, being unable to pay her proportion of the assessments, she surrendered it, and now disclaims any interest in the policy or its proceeds. Upon the trial, she testified that she had told the appellant she did not claim anything, and that she " had given it to her sister long ago ; " and it appeared from the undisputed statement of the latter that this surrender was prior to the assignment to him. On this branch of the case, therefore, the claim of the appellant is without merit, because he is seeking to retain for Annie O'Brien money which she admits, and the uncontradicted testimony shows, legally and equitably belongs to the appellee. If he had paid this money to the appellee on the assurance of Annie O'Brien that she had no interest in or claim upon it, she would be estopped from subsequently demanding it from him ; and her sworn statement, in aid of her sister's suit for it, will afford him the same protection. The act of March 14, 1873, P. L. 46, enables the as-

Opinion of the Court.

signee of a policy of life insurance to maintain an action thereon in his own name against the company for the recovery of the insurance money, but it is inapplicable to the facts, and can have no influence in the determination of this case. It is not necessary to consider the effect of this act on the rule in Armstrong v. Lancaster City, 5 W. 68, or to decide whether the appellee could recover the interest which Annie O'Brien once held in the policy, if the same had not been surrendered to her. It is enough for the present to say that upon the undisputed evidence the appellee has a clear legal right to that interest; and that the appellant is as effectually protected by the disclaimer of Annie O'Brien in aid of her sister's recovery as if he held her receipt for the money or her formal release from any liability to her arising from the transaction. On this point there was nothing for the jury. The defence was built on the claim that she was entitled to one third of the balance in the hands of the appellant, and her own testimony was a complete and conclusive answer to it. The appellant cannot retain the money on the plea that she owns it, when she admits she has no claim upon it, and that it belongs to the appellee.

The learned judge correctly ruled that the appellant's transaction with Malone furnished no ground of defence beyond the advances already mentioned. If they were jointly interested in the speculation, it was by virtue of their agreement, to which neither Mary Brennan nor Annie O'Brien was a party. Malone, by his own confession, appeared to them as the agent of Franey in the purchase of the policy. The claim of the appellee is not impaired by any division between Malone and Franey of the supposed profits of the enterprise. They cannot adjust their accounts at her expense.

Judgment affirmed.

Mr. Justice MITCHELL noted his dissent.