# Brassell's Estate.

*Decedents' estates—Decedent's debt — Beneficial associations — Designation of beneficiary—Gift inter vivos.*

Where a brother indebted to his sister in the sum of $1,600 confesses a judgment to her for that amount, and also designates her as a beneficiary in a certificate of membership of a beneficial association for $2,000, and hands her the certificate, telling her to put it away carefully, and by his will directs that the $1,600 borrowed money shall be paid out of the proceeds of his real estate, and the beneficial association after the member's death pays the benefit to the sister, the Orphans' Court commits no error in finding that the transfer of the certificate was a gift inter vivos, and that the debt due to the sister was payable out of the estate.

Argued March 14, 1916.    Appeal, No. 77, April T., 1916, by Catharine Brassell, et al., from decree of O. C. Allegheny Co., March T., 1915, sustaining exceptions to adjudication in Estate of Thomas Brassell. Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Superior Court.

*Error assigned* was in sustaining exceptions to adjudication.

*Edward J. I. Gannon,* with him *Samuel H. Gardner,* for appellant.—The transfer of the certificate was not a gift inter vivos: Hafer v. McKelvey, 23 Pa. Superior Ct. 202; Williams App., 106 Pa. 116; Bowker's Est., 5 W. N. C. 493.

*Edward C. Chalfant,* with him *Arthur L. Over,* for appellee, cited: Fross' App., 105 Pa. 258; Hafer v. Mc-Kelvey, 23 Pa. Superior Ct. 202.

OPINION BY WILLIAMS, J., July 18, 1916:

Mary Lyons, the appellee, lived with the testator, her brother, upwards of twenty years from the death of his wife to the time of his decease, keeping house for him and caring for his children. He borrowed money from her and at his death was indebted to her in the sum of sixteen hundred dollars. He paid no interest for the use of the money and apparently none was asked. To secure her he placed on record a confessed judgment in her favor which became a lien on his real estate. On two occasions such judgments were marked satisfied of record to permit him to raise money by mortgage, and after the mortgages were recorded, judgment was again confessed and became a lien subsequent to the mortgage. Brassell had a certificate of membership in the Catholic Mutual Benefit Association for two thousand dollars which was payable on his death to his children. He designated his sister as beneficiary in September, 1912, and handed her the certificate, telling her to put it away carefully. Subsequently he told her niece that he had given her the policy. Seven months after this he made a will which provided, inter alia: "It is further understood that I owe my sister, Mary Brassell, the sum of sixteen hundred dollars ($1,600.00), borrowed money; as security she holds a judgment note against me for this amount, which is recorded, of course this must be paid and satisfied out of the proceeds of the sale of my real estate also." These facts having appeared at the audit of the executrices' account, and the additional fact that the $1,600 mentioned in the will had not been paid, the question arose as to whether it was chargeable against the estate. The learned court at first was of the opinion that the beneficial association certificate had been assigned to Mary Lyons as collateral security for the debt,

but on a reconsideration of the testimony came to the conclusion that the testator had given the amount thereof to her and that the judgment confessed was chargeable against his estate.

The appellant contends that the transfer of the policy was not a complete and irrevocable transfer of the certificate of the Beneficial Association such as would make it a gift inter vivos, and that the testator must have made the transfer to secure the debt due Mary Lyons. The question that must be determined first is as to what is the character of the fund derived from the benefit certificate of the Catholic Mutual Benefit Association. The record is deficient in not stating the nature of the certificate or policy issued by the association. If it was an ordinary policy of life insurance, the gift was complete when it was transferred to Mary Lyons and she was named as beneficiary on the books of the association. A man may insure his own life and if he pays the premium, he has the right to give the policy to anyone, no matter in what relationship they may stand to him: Scott v. Dickson, 108 Pa. 6. If the Catholic Mutual Benefit Association was a beneficial association in which the member had the right to designate who should receive the fund within a certain class, then the member has no property right therein, and the fund arising therefrom on his death is not an asset for the payment of debts: Northwestern Masonic Aid Assn. v. Jones, 154 Pa. 99, the member having merely the power of appointment over the amount of the certificate.

The record shows that the money was paid to Mary Lyons, and it is fair, therefore, to assume that she came within the provisions of the constitution and by-laws of the association as a proper beneficiary.

Viewing the transfer as a gift inter vivos, the testator did all that he could do in the premises. He designated Mary Lyons as beneficiary, which designation must have been accepted by the association or the fund would not have been paid to her, and after such designation he de-

livered the certificate to her, and subsequently told her niece that he had given it to her. There was nothing further to do on his part to make the gift complete. The mere statement of the proposition that he had a right to change the designation is answered by the fact that he did not do so.

Viewed as an exercise of a power of appointment over a fund which was not to accrue until after his death it was valid and complete. The designation of a beneficiary of a benefit certificate in such an association is in its nature testamentary, and is more in the nature of a bequest than a gift, and while it may fall short of being a present and irrevocable assignment of the fund, it may still be a valid designation of the beneficiary: Thomeuf v. Knights of Birmingham, 12 Pa. Superior Ct. 195.

The intention of the testator, that the debt to his sister should be paid out of the proceeds of the sale of his real estate, is so clearly expressed that there can be no doubt concerning it and we do not think there was enough evidence to sustain the appellant's contention that the testator intended that the benefit certificate should be collateral security for, and the fund arising therefrom, a discharge of the debt. Moreover, the fund arising therefrom could not have been applied by the executrices to the payment of the debts of the estate. We think for these reasons that the testator meant to and did give to his sister this fund and there is nothing in the record in the nature of affirmative proof to the contrary.

Appeal dismissed.