# Steen, Appellant, v. Lowry.

*Insurance—Life insurance—Insurable interest—Assignment.*

The rule of public policy that forbids the taking out of insurance on the life of another in which he has no insurable interest applies also to the assignment for value by the insured of a life policy to one having no insurable interest in the life of the insured. But where a policy of insurance is made payable to or assigned to one who has no insurable interest, and the premiums are paid by the insured, the beneficiary may recover the amount due thereon.

It is elementary that every one has an unlimited insurable interest in his own life, and that he may take out a policy of insurance on his own life and make it payable to whom he will, and that it is not necessary that the persons for whom it is taken shall have an insurable interest.

Argued March 13, 1925. Appeal, No. 31, Oct. T., 1925, by plaintiff, from judgment of C. P. Chester Co., Jan. T., 1924, No. 20, in the case of Sarah Emma Steen, Administratrix of the Estate of Charles N. Steen, deceased, v. Mary P. Randler Lowry. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Interpleader to determine right to benefits paid on policy of life insurance. Before HAUSE, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of plaintiff in the sum of $1,038.26.

Subsequently the court, on motion, entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was, among others, the judgment of the court.

*I. Emanuel Sauder,* for appellant.—The assignee of a life insurance policy must have an insurable interest in the life of the insured in order to recover, as against the

beneficiary named in the policy: Taussig v. United Security Life Ins. & Tr. Co., 231 Pa. 16; U. S. Life Ins. Co. v. Brown, 270 Pa. 267; Sargent v. Hancock M. L. Ins. Co., 49 Pa. Superior Ct. 239; Haberfeld v. Mayer, 256 Pa. 151; Scott v. Dickson, 108 Pa. 6; 25 Cyc. page 709, note 69; page 710, note 71; Joyce on Insurance, vol. 2, page 1981, note 1; page 1990, note 4; page 1993, note 1.

The burden of proof as to the insurable interest and as to the validity of the assignment is upon the person who seeks to recover: Herrod v. Kimbrough, 83 Pa. Superior Ct. 238; United Sec. Life Ins. Co. v. Brown, 270 Pa. 264; Sweeny v. Ins. Co., 20 Pa. 337; Moving Picture Co. v. Scottish Union & N. Ins. Co., 244 Pa. 358; 25 Cyc. page 926, note 63; Phillips' Est., 238 Pa. 423.

*William Tregay,* for appellee, cited: Scott v. Dickson, 108 Pa. 6; Cunningham v. Smith, Admr., 70 Pa. 450; Anderson's Estate, 85 Pa. 206; Appeal of Corson, 113 Pa. 446; McCaslin v. Metropolitan Life Insurance Co., 59 Pa. Superior Ct. 475; Young v. Hipple, 273 Pa. 439; O'Grady v. Prudential Life Ins. Co., 3 Pa. Superior Ct. 548.

OPINION BY GAWTHROP, J., April 28, 1925:

This is an interpleader proceeding brought by an insurance company to determine whether a policy of insurance issued to Charles N. Steen, now deceased, upon his life shall be paid to his administratrix or to an assignee, the company having turned the amount into court. The material facts are: On July 6, 1916, the company issued and delivered to Charles N. Steen, upon his application, a policy of insurance on his life for $1,000, payable at his death to his executors, administrators or assigns. On August 10, 1916, Steen made and delivered an assignment of the policy to the defendant, who was not related to him either by blood or marriage and was not his creditor. On August 1, 1917, Steen made and delivered a more formal assignment of the policy to the defendant.

Notice thereof was given by Steen to the company and accepted by it on August 4, 1917. All premiums on the policy were paid by Steen to the date of his death on October 30, 1922. Following his death letters of administration were granted to the plaintiff, his widow; proofs of death were furnished by her to the company, which admitted liability and paid the amount due into court. Upon the above undisputed facts, the court instructed the jury to find a verdict for the plaintiff. A motion for judgment non obstante veredicto was made absolute and judgment was entered in favor of the defendant for the amount of the fund paid into court. The plaintiff has appealed.

The first question raised (and it is conclusive of the controversy) is whether the fact that the defendant, assignee of the policy, had no insurable interest in the life of Steen brings the transaction under the ban of the rule declared in the line of cases in our Supreme Court, of which Taussig v. United Sec. L. I. & T. Co., 231 Pa. 16, is representative, that where a person who is not a creditor of, and has no other insurable interest in the life of, another person, purchases, by assignment, a life insurance policy on the life of such other person, the purchase is a wagering contract, unlawful and void. It is not open to question that our Supreme Court has held uniformly that the rule of public policy that forbids the taking out of insurance by one on the life of another in which he has no insurable interest applies to the assignment for value by the insured of a life policy to one having no insurable interest in the life of the insured. These decisions are binding upon us, although the Supreme Court of the United States, in Grigsby v. Russell, 222 U. S. 149, in line with most of the courts of last resort in this country, has decided that when the question arises upon an assignment the objection to the insurance as a wager is out of the case. But a careful examination of the cases in our Supreme Court, in which the question has been considered, discloses that that

tribunal has never held that an assignee of a life policy who claims under the present facts is precluded from obtaining the proceeds of the policy.  On the contrary it is manifest from the judicial expressions in the cases that our Supreme Court has never doubted the right of a person to insure his own life, pay the premiums and name as his beneficiary whom he pleases; that it regards the substance and not the form and has not hesitated to declare a transaction which is in the form of an assignment a mere changing of the beneficiary.

In Scott v. Dickson, 108 Pa. 6, Dickson procured a policy on his life payable to himself.  A few days later he assigned the policy to Scott who was not related to him but was surety on his official bond.  Dickson paid the premiums up to the time of his death and Scott had no knowledge of the transfer until the death occurred. In deciding whether Scott, the assignee, or Dickson's estate was entitled to the proceeds of the policy which had been paid into court by the company, the Supreme Court held that Scott, as surety, had an insurable interest in Dickson and was entitled to the fund.  But the court stated that there was another view of the case which was controlling.  In this connection, Mr. Justice PAXSON said: "It is manifest from the case stated that this policy was intended for the benefit of Scott at the time it was taken out......Dickson went to the office of the company to lift the policy, and when the policy was produced, he at once informed the company that he 'wanted to transfer it to John F. Scott, the best friend I have in the world.'  Can there be a doubt that he intended the policy for his friend when he made the application?  Had it been made so in form, had he instructed the company to make the loss payable to John F. Scott in case of his death, the transaction would have been perfectly legal and open to no objection as a wagering policy.  The validity of such policies has never been doubted......The effect of an assignment would be to pass the legal title to the policy had it been perfected

by delivery. The assignee thereafter would be the party to pay the premium. But Dickson kept the assignment and continued to pay the premium himself; directed the notices to be sent to him. He evidently intended his friend to have the benefit of the policy, and bear its burdens himself. Had the company altered the policy, making the loss payable to Scott, instead of preparing an assignment, they would have carried out Dickson's precise intent. Does the form of the transaction stand in the way? We think not......Policies of this nature are in no sense wagering. It would be denying a man's right to do what he will with his own to say that he could not in any form insure his life for the benefit of an indigent relative, or a friend to whom he felt under obligations. And the fact that he continues to pay the premium himself, and retains the control of the policy up to the time of his death, leaves no room for speculation or the improper practices which a few years ago brought such a scandal on the life insurance business in this State." In consonance with the above, that court said in Haberfeld v. Mayer, 256 Pa. 151, in respect to the right of a person to insure his own life and designate the beneficiary: "It is elementary that everyone has an unlimited insurable interest in his own life, and that he may take out a policy of insurance on his own life and make it payable to whom he will and that it is not necessary that the person for whom it is taken should have an insurable interest. We are of opinion that Haberfeld would have a right to the proceeds of the policy even if he had not been either a partner or creditor." This statement of the law was approved in U. S. Life Ins. Co. v. Brown, 270 Pa. 264. The opinion of Mr. Justice SIMPSON in Young v. Hipple, 273 Pa. 439, fully warrants the statement of the law in the first paragraph of the syllabus that "where a beneficiary certificate or policy of insurance is made payable to or assigned to one who has no insurable interest, but the premiums are paid by the insured, the beneficiary may recover the amount due

thereon." To the same effect is the decision in Hill v. United Life Ins. Assn., 154 Pa. 29, in which Scott v. Dickson, supra, was followed.

Giving full effect to the rule of public policy declared by our Supreme Court denying the validity of an assignment to a person who has no insurable interest in the life of the insured (although it seems to be hinted in Young v. Hipple, supra, that the rule declared in Grigsby v. Russell, supra, is the better rule) we see no possible reason for declaring that the assignee of this policy was a party to a contract involving a wager on Steen's life. She was not a party to a contract at all. The pecuniary benefit which would accrue to her upon Steen's death was not one which she did anything to acquire. Her situation is not distinguishable from that of a beneficiary who never had any insurable interest in the life of the insured. The mere acceptance of the assignment of the policy did not amount to a wager on Steen's life and the objection to it on that ground is wholly without merit. Whether the assignee had an insurable interest in Steen's life when she became the assignee, or at any other time, is therefore of no moment. We agree with the able judge of the common pleas who answered the question we have been considering in a most satisfactory opinion. We cannot do better, in closing our opinion, than to adopt the following excerpt from it: "It is manifest that a person may insure his own life, pay the premiums and name as his beneficiary whom he pleases. If he have a life policy payable to his estate, as was the case under consideration, may he not assign the policy to whom he sees fit if he continue, as did Steen, to pay the premiums until his death? We are aware of no legal distinction between the designation of the beneficiary in the policy and the assignment of a policy to the same beneficiary under the facts here present."

The learned court was right in entering judgment for the defendant. The judgment is affirmed.