First National Bank of Glen Campbell, Appellant, *v.* Burnside National Bank.

Argued April 9, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*P. J. Little,* with him *Liveright & Smith,* for appellant.

*Arnold Chaplin,* with him *Bell & Silberblatt,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 23, 1934:

Ross B. McCardell gave the First National Bank of Glen Campbell, appellant herein, four judgment notes, upon all of which judgments were entered, three on November 6, 1929, and the fourth on December 31, 1931. He also gave the Burnside National Bank, appellee herein, two judgment notes, upon which judgments were entered on May 3, 1931. Upon certain improved real estate then owned by McCardell, were fire insurance policies with attached riders providing that the "loss, if any, on buildings only payable to Burnside National Bank [appellee] as its interest may appear." The effect of this situation was that, in the absence of some controlling legal objection, appellee would, in case of a fire, be partially paid out of the proceeds of the fire insurance policies, before appellant would receive anything; whereas, if the properties were sold under execution upon any of the judgments of either party, appellant would, by virtue of its earlier lien, be paid first.

A fire did take place, following which appellant issued attachments execution on its judgments, and served the insurance companies as garnishees. Under some authorities insurance companies alone can raise the objection of a want of insurable interest: 26 C. J. 20;

Grant's Admrs. v. Kline, 115 Pa. 618. Here they did not do so, but, on the contrary, paid the insurance fund into court; a case stated was agreed upon by appellant and appellee; and, after argument, the court below decided that, under the riders on the policies, appellee was entitled to the fund as against the attachments. McCardell did not contest appellee's claim, but appellant, as attaching creditor, prosecuted the present appeal. The case was correctly decided.

Appellant's contention is that a judgment creditor has no insurable interest in the improved real estate of his debtor; that the attached riders were, therefore, of no efficacy; and hence the contract evidenced thereby was against public policy and void. For this contention it relied principally on Grevemeyer v. Southern Mutual Fire Ins. Co., 62 Pa. 340, where, under different facts, however, it was said: "A judgment is a general and not a specific lien; the holder is not interested in the property, but only in his lien," and hence, in a contest between a judgment creditor and an insurance company, it was said that the former could not recover against the latter on the policy, taken out when he was the owner, but not transferred to him as judgment creditor, with the approval of the company, after he had sold the property and taken a judgment for part of the purchase price. This case has been referred to in several later opinions, some of the earlier ones citing it with a qualified approval and others disapprovingly. No other state, so far as we are aware, has ever referred to it except with disapproval. The Supreme Court of the United States has also antagonized it by holding that the basic test as to insurable interest is not one of lien or estate, but whether the insured has an interest in the property.

That appellee had an interest here is evident, for a property, if improved, is more valuable to a judgment creditor than if it is unimproved; and, in the present instance, this is particularly so since appellee, by virtue of the riders, gets the benefit of the improvements, where-

as, if the riders were stricken down, and the property was sold at sheriff's sale, appellant, by virtue of its earlier judgments, would receive all and appellee would get nothing. It is said in 13 Cyc. 149, "If the creditor has a lien upon the debtor's property [as admittedly appellee did here] this affords him an insurable interest therein." So, also, as we held in Farmers & Mechanics Mutual Ins. Co. v. Meckes, 10 W. N. C. 306: "It is not necessary that the assured should have either a legal or equitable interest, or indeed any property interest in the subject-matter insured. It is enough if he holds such a relation to the property that its destruction by the peril insured against involves [or may involve] any loss to him." To the same effect is 26 C. J. 20, and the many cases cited in the footnote thereto.

It is not necessary in this case to determine any of the foregoing matters, however, for appellee did not insure the property. This was done by McCardell, who of course was interested in his own property, and who had the right to make the policies payable to whomsoever he pleased, whether the assignee had or had not an estate interest in the property.

In no class of insurance has the law been stricter on the subject of insurable interest than it has been in life insurance and this for the obvious reason that speculative life insurance has a tendency to and at times has resulted in murder. Yet it has been held repeatedly that a creditor may himself insure the life of his debtor, in his, the creditor's favor, and, unless fraud appears, or the amount of the insurance is so unconscionable as to be indicative of fraud, the insurance will be valid: Wheeland v. Atwood, 192 Pa. 237. So, the insured may take out insurance on his own life, and transfer the policy to whomsoever he pleases, and the transfer will ordinarily be held valid: Scott v. Dickson, 108 Pa. 6; Hill v. United Life Ins. Assn., 154 Pa. 29; Young v. Hipple, 273 Pa. 439; Brassell's Est., 63 Pa. Superior Ct. 543, 547; Steen v. Lowry, 85 Pa. Superior Ct. 365. It would

be surprising were it otherwise; for it would in that event be the only instance in which it would be illegal for a debtor to transfer a part of his estate to secure his creditor.

In an attempt to answer the foregoing, appellant says in its supplemental brief: "The case stated will not bear out the inference that there was a contract of insurance between the insurance companies and Ross B. McCardell." It may be admitted that the case stated might have been clearer than it is on this point, but, if so, appellant was as much to blame as any one else, and quite possibly this contention would not have been available if appellant had printed "Exhibit B," which the case stated says is a part thereof. In its opinion the court below states that the "fire insurance was taken out on the real estate *by* Ross B. McCardell," and this was not challenged there, or even here until the supplemental brief was filed. Moreover, one who denies the right of a named beneficiary to receive the proceeds paid on a policy of life or fire insurance, has the burden of proof of showing that the beneficiary is not entitled to the fund: Lenig v. Eisenhart, 127 Pa. 59; Vanormer v. Hornberger, 142 Pa. 575; Phillips's Est., 238 Pa. 423, 427; McHale v. McDonnell, 175 Pa. 632; Young v. Hipple, supra; 26 C. J. 19, 20. Here, appellant has made no attempt to carry the burden thus placed on him, and hence appellee's right to have the fund remains unimpeached.

As far back as Wells v. Archer, 10 S. & R. 412, it was said,—and this conclusion has never been qualified,— that "The holder of a policy of insurance, with whom it has been deposited as security, has a lien on it at law; and if he receives the proceeds has the right to retain them against one [like appellant] whose equity is no better than his own."

The judgment of the court below is affirmed.