Pashuck, Admr., Appellant, *v.* Metropolitan Life Insurance Co.

Argued October 22, 1936. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Ralph S. Croskey,* with him *Edward S. Lawrence Jr.,* for appellant.

*Otto W. Woltersdorf,* for appellee.

OPINION BY STADTFELD, J., December 21, 1936:

This is an interpleader under the Act of March 11, 1836, P. L. 76, Sec. 4, 12 PS 581.

On June 29, 1931, Metropolitan Life Insurance Company issued its policy of life insurance upon the life of John Nodziak in the sum of $702, payable to his executor or administrator or under the "Facility of Payment Clause," to any relative by blood or connection by marriage of the insured, or to any other person appearing equitably entitled to the same by reason of having incurred expense on behalf of the insured. There was no beneficiary endorsed on the policy when the same was issued, but on July 3, 1931, the company endorsed the name of the appellee, Alexandra Buraczewska, on the policy, naming her as beneficiary. The policy is silent as to any right of change of beneficiary.

John Nodziak died of natural causes, after an illness at the Germantown Hospital, on December 7, 1933.

Letters of Administration were granted to the plaintiff who entered suit on the policy against the company. The proceeds of the policy were also claimed by the beneficiary, the appellee, Alexandra Buraczewska.

The insurance company, having had demands made upon it by two different claimants, interpleaded and the money was paid into court.

The plaintiff's case was established by admissions of the facts above stated and by offer of the insurance policy referred to with the endorsement thereon, and rested. The defendant, by her witness, offered testimony to show that she loaned the decedent, the insured, $500 about February 1, 1931, and that he lived in her house and that when the policy was delivered to the insured, he gave it to the defendant stating that he had made her the beneficiary of the policy.

The assured and defendant were not related and he

was a boarder in her home, the appellee paying all the premiums. Attached to the policy was a rider providing for accidental death benefits equal to the face amount of the policy.

The trial judge directed a verdict for the defendant, the appellee, and the plaintiff filed a motion for judgment n. o. v. and for a new trial. Both motions were refused in an opinion by Bonniwell, J., and judgment entered on the verdict. This appeal by plaintiff followed.

The "Facility of Payment Clause" need not be considered, as the company, for whose benefit the clause was inserted, did not exercise any rights thereunder when it saw fit to pay the money into court: *Yelda v. W. & S. Life Ins. Co.*, 99 Pa. Superior Ct. 513; *Williard v. Prudential Insurance Company*, 276 Pa. 427, 120 A. 461.

As stated by the lower court, the plaintiff in merely offering in evidence the policy bearing the endorsement thereon designating the appellee as beneficiary, and resting his case, did not meet the burden on him to warrant a recovery in his favor.

The appellee claims the proceeds of the policy here in question, first, because she had been designated as beneficiary by endorsement thereon, and secondly, because she was a creditor of the insured and incurred expense on his behalf and for this reason, even if not named as beneficiary, she would still be entitled to the proceeds of the policy under the "Facility of Payment Clause." As to the latter clause, as already stated, she would not have any cause of action.

Appellant contends that no right to change the beneficiary having been reserved in the policy, the subsequent designation of appellee as beneficiary was a nullity. Ordinarily where the designation of the beneficiary in the policy is absolute and unconditional, because the right to change the beneficiary is not ex-

pressly reserved to the insured, the beneficiary has a vested interest in the policy and cannot be deprived of its proceeds by anything the insured may do without the beneficiary's consent: *Knoche, Admr. v. Mutual Life Insurance Co.*, 317 Pa. 370, 176 A. 230. However, as stated in that case, at p. 372: "This right is subject, however, to the terms and conditions of the policy."

In the instant case, the policy provided under the heading of "Conditions": "Its terms cannot be changed, or its conditions varied, except by the express agreement of the company, evidenced by the signature of its President or Secretary." This impliedly gave the right to make a change in the manner specified. Endorsed on the policy was the following: "Subject to the provisions of the policy authorizing payment at the company's option to other persons, Alexandra Buraczewska, sister, has been designated beneficiary to receive death benefit only. W. C. Fletcher, Secretary." The policy also provided for certain "cash surrender value" at various periods upon surrender of the policy. The provision in the policy for payment "to the executor or administrator of the insured," under the circumstances, can not be said to have given a vested interest in the executor or administrator, as neither were in esse at the time, and where subsequent to the issuance of the policy, pursuant to its terms, another beneficiary was designated.

If the right to name or change the beneficiary existed in the insured, the specified beneficiary supersedes any personal representative insofar as the right to the proceeds of the policy is concerned. The executor or administrator would not therefore, be entitled to collect on the policy under such circumstances.

Appellant contends that appellee had no insurable interest in the life of John Nodziak, the insured, and invokes the Act of May 17, 1921, P. L. 682, Art. IV, Sec. 412, 40 PS 512. This Act provides: "No policy or

agreement for insurance shall be issued by any stock or mutual life insurance company in this commonwealth except upon the application of the person insured. ...... Any person may insure his own life for the benefit of any person, copartnership, association, or corporation, but no person shall cause to be insured, the life of another, unless the beneficiary named in such policy or agreement of life insurance, whether himself or a third person, has an insurable interest in the life of the insured. ......"

The purpose of this Act of Assembly was to prevent wagering contracts on the life of another by one having no insurable interest therein. The act does not prohibit the insured from taking out a policy on his own life, and specifying a beneficiary therein. The beneficiary in the present case did not cause to be insured the life of the assured, but the assured himself made application for the insurance and later had the company endorse the name of the defendant as beneficiary.

Quoting from *Haberfeld v. Mayer*, 256 Pa. 151, 100 A. 587, where the Supreme Court by a per curiam opinion, affirmed the judgment of the lower court on an opinion by SHAFER, P. J., who said, at p. 153; "...... everyone has an unlimited insurable interest on his own life, and that he may take out a policy of insurance on his own life and make it payable to whom he will and that it is not necessary that the person for whom it is taken should have an insurable interest: 1 Cooley, Briefs on the Law of Insurance, 252." To the same effect see *Steen v. Lowry*, 85 Pa. Superior Ct. 365. Likewise in re *Estate of Vincent Szymanski, Dec'd.*, 109 Pa. Superior Ct. 555, 167 A. 420, this court, by President Judge TREXLER, said at p. 559: "A man need not have any insurable interest in another's life in order to be named by the insured as beneficiary, and the policy being legal in its start, and the changing of a beneficiary being also proper, does the payment

of the succeeding premiums by the party named deprive him of the benefits which, if the insured, or someone else had paid the premiums, would have inured to his benefit? It is unnecessary to prove an insurable interest in the life assured, at the maturity of the policy, if it was valid at its inception: *Montgomery's Estate,* 299 Pa. 452, 149 A. 705. In 32 C. J. 1112, the law is stated as follows: 'In life insurance it is sufficient if an insurable interest exists at the inception of the contract so that the policy is not invalidated by a subsequent termination of that interest or an assignment to a person without insurable interest provided the assignment is made in good faith and not as a mere cloak or cover for the procuring of insurance by one without insurable interest.' There is no reason why this statement should not apply where a change of beneficiary is made, and a person not having an insurable interest is designated."

Quoting from the opinion of Mr. Justice SIMPSON in *First National Bank of Glen Campbell v. Burnside National Bank,* 314 Pa. 536, 172 A. 641, on p. 539: "In no class of insurance has the law been stricter on the subject of insurable interest than it has been in life insurance and this for the obvious reason that speculative life insurance has a tendency to and at times has resulted in murder. Yet it has been held repeatedly that a creditor may himself insure the life of his debtor, in his, the creditor's favor, and, unless fraud appears, or the amount of the insurance is so unconscionable as to be indicative of fraud, the insurance will be held valid: *Wheeland v. Atwood,* 192 Pa. 237. So, the insured may take out insurance on his own life, and transfer the policy to whomsoever he pleases, and the transfer will ordinarily be held valid: *Scott v. Dickson,* 108 Pa. 6; *Hill v. United Life Ins. Assn.,* 154 Pa. 29; *Young v. Hipple,* 273 Pa. 439; *Brassell's Est.,* 63 Pa. Superior Ct. 545, 547; *Steen v. Lowry,* 85 Pa. Superior Ct. 365.

It would be surprising were it otherwise; for it would in that event be the only instance in which it would be illegal for a debtor to transfer a part of his estate to secure his creditor."

The defendant, beneficiary endorsed on the policy, did not insure the life of the insured, the assured insured his own life and named the defendant his beneficiary.

In view of our conclusion as to the rights of the defendant as the beneficiary endorsed on the policy, it is not necessary to pass on the question of her rights as an alleged creditor. Were her rights dependent on the latter position, as the only evidence in support thereof was the oral testimony of Wanda Buraczewska, daughter of the defendant, it would have had to be submitted to the jury.

The attempted distinction by appellant between "Death Benefits" under the policy and "Accident Death Benefits" under the rider to the policy, does not require any discussion. Decedent died a natural death and death benefit to which defendant beneficiary is entitled covers the fund paid into court.

As stated in *First National Bank of Glen Campbell v. Burnside National Bank,* supra, at p. 540: "Moreover, one who denies the right of a named beneficiary to receive the proceeds paid on a policy of life or fire insurance, has the burden of proof of showing that the beneficiary is not entitled to the fund: *Lenig v. Eisenhart,* 127 Pa. 59; *Vanormer v. Hornberger,* 142 Pa. 575; *Phillip's Est.* 238 Pa. 423, 427; *McHale v. McDonnell,* 175 Pa. 632; *Young v. Hipple,* supra; 26 C. J. 19, 20. Here, appellant has made no attempt to carry the burden thus placed on him, and hence appellee's right to have the fund remains unimpeached."

The assignments of error are overruled and judgment affirmed.