## Metropolitan Life Ins. Co. v. Doty, Secretary of Banking, et al.

*Daniel S. Robinson,* for plaintiff.

*Linn V. Phillips, W. Brown Higbee, J. Kirk Renner,* and *Lewis M. D'Auria,* for defendants.

CARR, J., March 3, 1939.—Plaintiff insurance company, having had demands made upon it by two different claimants, brought this bill of interpleader, acknowledging its liability on a policy of life insurance, and paid the proceeds into court, asking us to award the money to the rightful claimant. The insurance being claimed by an assignee of the policy and also by the insured's executors, we ordered an issue to be framed between the assignee as plaintiff and the executors as defendants.

The pleadings consists of the bill, a statement of claim by the plaintiff assignee, an answer by the defendant executors, and a reply to new matter contained in the answer. An intervenor, claiming and admitted by the assignee to have an equitable interest in the policy, also filed an answer and consent to an award of the fund to the assignee. In addition, complainant has requested an allowance of counsel fees from the fund in court.

The controversy between claimants is now entirely one of law, and the question involved is whether the insured's assignee of the policy can recover without proof of an insurable interest.

### Findings of fact

1. Metropolitan Life Insurance Company issued to Gaetano Corrado, in consideration of his own application and the payment of semi-annual premiums, a policy of life insurance dated January 10, 1923, no. 3515753-A, promising to pay to him on January 10, 1973, if then living, or to his estate upon proof of his prior death, the sum of $77,468, less any indebtedness to the company and any unpaid portion of the premium for the then current year, upon surrender of the policy properly receipted. On April 19, 1932, an assignment of this policy, subsequently duly accepted by the company, was made by the insured in writing, as follows:

"For value received, I hereby assign policy no. 3515753-A, issued by the Metropolitan Life Insurance Company of New York on the Life of Gaetano Corrado,

with all the proceeds thereof and all sums of money, interest, benefit, and advantages whatsoever accruing and to accrue thereunder, unto Title & Trust Company of Western Pennsylvania, at Connellsville, Pa., and to its executors, administrators, successors or assigns. This assignment is subject to any existing indebtedness to the Metropolitan Life Insurance Company under this policy.

"Dated at Uniontown, Pa., this 19th day of April, 1932.

Gaetano Corrado (Seal)

Witness:
　　John Davis."

2. Gaetano Corrado died on June 4, 1938, at which time there became due and payable under the terms of the policy the sum of $60,981.77, which amount, upon receipt of proof of death, the company paid into court.

3. R. W. Doty is Secretary of Banking of the Commonwealth of Pennsylvania, and is in possession of the business and property of Title & Trust Company of Western Pennsylvania, possession having been taken on July 1, 1930, in pursuance of The Banking Act of June 15, 1923, P. L. 809, and the certificate of possession is of record in Fayette County.

4. Angelina Corrado, Philip Galiardi, and Alfonso Bassilone are the duly authorized and acting executors under the last will and testament of Gaetano Corrado, deceased.

5. Title & Trust Company of Western Pennsylvania holds title to said policy of life insurance described in our first finding, in trust for Reconstruction Finance Corporation.

## Discussion

At trial the Title & Trust Company of Western Pennsylvania, assignee of the policy and plaintiff in the interpleader, proved the facts stated in our findings, and rested, accepting the view expressed by us that the assignee need not, in the first instance, offer proof of its

insurable interest. Although the dealings between the insured and the trust company were shown by the pleadings to have extended over a period of many years, we considered it unnecessary, unless defendants should undertake to impeach the sealed assignment: Koch v. Ziegler, Executrix, 130 Pa. Superior Ct. 158; for plaintiff to prove transactions antedating the assignment relied on. This defendants did not attempt to do, contending then and now that the assignee must show its insurable interest as a condition of the validity of the assignment. This proposition is untenable. The Insurance Company Law of May 17, 1921, P. L. 682, art. IV, sec. 412, 40 PS §512, does not require, under the circumstances here disclosed, that the assignee have an insurable interest in the life of the insured: Pashuck, Admr., v. Metropolitan Life Ins. Co., 124 Pa. Superior Ct. 406. The purpose of the act was to prevent wagering contracts on the life of another; but it does not prohibit the insured from taking out a policy on his own life and assigning it to whom he will. In the present case, the insured himself made application for the insurance, and later assigned it, with the consent of the company. There being no testimonial suggestion of any kind that the transaction was a mere cloak or cover for a wagering policy, or that there was a failure of consideration, the assignee was not called upon to establish its status as a creditor of the insured. The burden of proof is upon the one who denies the right of the assignee to recover: Pashuck, Admr., v. Metropolitan Life Ins. Co., supra; First National Bank of Glen Campbell v. Burnside National Bank, 314 Pa. 536. A recent note on this subject will be found in 108 A. L. R. 449.

The remaining question arises from the request of the Metropolitan Life Insurance Company for an allowance of counsel fees to be taxed as costs herein and paid out of the fund in court. Its claim is based upon the necessity for the institution of this proceeding by it in order to avoid a multiplicity of actions and the danger of being

compelled to pay the proceeds of the insurance more than once. It urges that, although the court is without power at law, under the Act of March 11, 1836, P. L. 76, 12 PS §581, to allow counsel fees and costs to a disinterested stakeholder who has paid the money into court, it may do so in equity, on the theory that one disclaiming his own rights in the fund ought not to have to bear any part of the costs or expenses of a controversy that he had no hand in creating, and in which he has no other interest than that of self-protection, and cites Appeal of Jordan et al., 10 W. N. C. 37 (1881).

The conditions under which counsel fees may be allowed in equity are now more narrowly defined by our Supreme Court, and such allowances are restricted to that class of cases where counsel's services protect a common fund for administration or distribution under the direction of the court, or where such fund has been raised for like purpose: Hempstead et al. v. Meadville Theological School, 286 Pa. 493. The rule permitting them rests upon the ground that, where one litigant has borne the burden and expense of a litigation that has inured to the benefit of others as well as himself, those who have shared in the benefits should contribute to the expense, and the most equitable way of securing such contribution is to make such expenses a charge on the common fund. This proceeding is not within the terms of the rule. Metropolitan has not, for the benefit of others, taken upon itself the burden and risks of litigation. Its labors have not resulted in creating, preserving, or protecting a common fund to be shared in by others who stood idly by. It has not saved the rightful claimant from the expense of employing counsel and asserting its own rights. On the contrary, it has brought the money into court solely in order to save itself from the expense and risks of litigation. Its prayer was for its own exclusive relief. Under these circumstances, authority for the allowance does not exist.

### Conclusions of law

1. Where a policy of life insurance is taken out by the insured, he may assign it to whom he will, and it is not required that the assignee have an insurable interest in the life of the insured in order to recover.

2. One who denies the right of such an assignee to recover the proceeds of the policy of life insurance has the burden of proof of showing that the assignee is not entitled to the fund.

3. Metropolitan Life Insurance Company and its counsel are not entitled to receive from the fund in court counsel fees incurred in this proceeding.

4. The court is without authority to make an award from the fund to Metropolitan Life Insurance Company or its counsel for fees or expenses incurred in this proceeding.

5. Counsel fees and expenses cannot be taxed as costs in this proceeding.

6. The costs of this proceeding should be paid out of the fund in court.

7. The fund in court, less the costs of this proceeding, should be awarded to Title & Trust Company of Western Pennsylvania, in trust for Reconstruction Finance Corporation.

### Decree nisi

And now, March 3, 1939, upon consideration of the foregoing case, it is ordered, adjudged, and decreed nisi, as follows:

1. That the fund in court, less the costs of this proceeding, be and it is hereby awarded to Title & Trust Company of Western Pennsylvania, in trust for Reconstruction Finance Corporation.

2. That the costs of this proceeding be paid out of the fund in court.

The prothonotary is directed to enter this decree nisi, and give notice of the same to the parties or their counsel, and if no exceptions are filed within 10 days thereafter, the same shall become final and be so entered.