.Werenzinski, Appellant, *v.* Prudential Insurance Company of America, Appellant.

Argued May 8, 1940. Before DREW, LINN, STERN and BARNES, JJ.

· *Herman B. Shepard,* with him *L. R. Holcomb,* for appellant, No. 73, and appellee, No. 380.

*A. Floyd Vosburg,* of *Vosburg & Vosburg,* with him *A. A. Vosburg,* and *Richard B. Sheridan,* for appellant, No. 380, and appellee, No. 73.

OPINION BY MR. JUSTICE STERN, June 24, 1940:

Frank Cybuck, a man without either property or income, was occasionally employed to tend the furnace in a small apartment house belonging to plaintiff Joseph Werenzinski and he also did odd jobs around the place, sleeping in one of the rooms occupied by plaintiff's family or in the basement. He was found one evening lying in front of the boilers so horribly burned that he died immediately thereafter.

Four policies of insurance were issued by defendant on the life of Cybuck payable to his estate, but in each case the policy was assigned some months thereafter to plaintiff. At the trial of the suit brought on these policies defendant contended that plaintiff was not entitled to recover because he had no insurable interest in Cybuck's life. The learned trial judge charged the jury that the controlling question was as to who paid the premiums after the making of the assignments; if they were paid by plaintiff the policies would then represent wagering contracts and plaintiff would be barred from recovery, but if the insured continued to pay the premiums the verdict should be for plaintiff even though admittedly he had no insurable interest in Cybuck's life. The jury found for defendant (as another jury had done on a previous trial of the case), but the court granted

plaintiff a new trial solely on the ground that "the question of whether the assignments were made in good faith and not as a mere cloak or cover for the procuring of insurance by the plaintiff who was without an insurable interest should have been submitted to and passed upon by the jury." Defendant appeals from the granting of the new trial, plaintiff from the refusal of the court to enter judgment in his favor n. o. v.

The court was in error in granting a new trial. The charge of the trial judge correctly defined the issue, and the verdict should have been upheld. There was ample evidence to warrant the conclusion, which the jury must have reached, that plaintiff, at least after becoming the assignee of the policies, paid the premiums, and if this was so the law would not permit plaintiff to recover, irrespective of any question of good faith.

There are two propositions so well established both by decision and statute that there can be no doubt in regard to them. The first is that a person may take out a policy of insurance on his own life and name as beneficiary whomsoever he pleases, regardless of whether or not such beneficiary has an insurable interest, or, having taken out a policy, he may assign it to one without an insurable interest, provided, in either event, the insured continues at all times to pay the premiums; under such circumstances no question arises of a wagering contract obnoxious to public policy: *Scott v. Dickson,* 108 Pa. 6; *Carpenter v. United States Life Insurance Company,* 161 Pa. 9; *United Security Life Insurance & Trust Co. v. Brown,* 270 Pa. 264, 267; *Young v. Hipple,* 273 Pa. 439, 444; *Steen v. Lowry,* 85 Pa. Superior Ct. 365; Act of May 17, 1921, P. L. 682, section 412. The other proposition is that a person cannot take out a valid and enforceable policy of insurance for his own benefit, and pay the premiums thereon, on a life in which he has no insurable interest: *Seigrist v. Schmoltz,* 113 Pa. 326; *U. B. Mutual Aid Society v. McDonald,* 122 Pa. 324; *United Security Life Insurance & Trust Co.*

*v. Brown,* 270 Pa. 264; Act of May 17, 1921, P. L. 682, section 412.

A more doubtful situation, from the legal standpoint, exists when a policy of insurance taken out by one on his own life, and thus valid in its inception, is subsequently assigned by the insured to a person having no insurable interest and the assignee thereafter pays the premiums. If such assignment is merely a subterfuge, planned or contemplated when the policy was issued, to enable the assignee thereby to accomplish what he could not have done directly, namely, to obtain insurance on a life wherein he had no insurable interest, it would not be sustainable. But where the assignment is not in execution of such a preëxisting purpose to circumvent the law, but arises from subsequent happenings, may the assignee recover on the policy? There has been a wealth of discussion pro and con on this subject in judicial opinions and in textbooks, and there is a sharp division of authority. In the great majority of jurisdictions it is held that such an assignment is valid, even though the assignee pays the premiums: see 2 Joyce on the Law of Insurance, 2d ed., 2009, section 919; 1 Cooley's Briefs on Insurance, 2d ed., 349 et seq.; 6 Couch, Cyclopedia of Insurance Law, 5197, et seq., section 1458(e). The best arguments in support of this view are to be found in *Grigsby v. Russell,* 222 U. S. 149 (followed in *Midland National Bank v. Dakota Life Insurance Co.,* 277 U. S. 346, 350). But there are a number of states, among which Pennsylvania has consistently maintained its place, where it is held that the assignment of a policy, whether in "good faith" or not, to one who has no insurable interest and who thereafter pays the premiums is as contrary to public policy, and therefore as legally objectionable, as the original issuance of the policy to such a person would have been. This viewpoint has been maintained in Pennsylvania through a course of so many years and by such a number of repeated affirmations that, if it were now sought

to change it in order to bring it into harmony with the prevailing doctrine, the appeal for that purpose would have to be directed to the legislature and not the courts. Among the multitude of cases enunciating and upholding the Pennsylvania ruling may be cited the following: *Gilbert v. Moose's Administrators,* 104 Pa. 74; *Wegman v. Smith,* 16 W. N. C. 186; *Meily v. Hershberger, Administrator,* 16 W. N. C. 186; *Stoner v. Line, Administrator,* 16 W. N. C. 187; *Downey v. Hoffer,* 110 Pa. 109; *Ruth v. Katterman,* 112 Pa. 251; *Keystone Mutual Benefit Association v. Norris,* 115 Pa. 446;[1] *Hoffman, Administrator, v. Hoke,* 122 Pa. 377; *Brennan v. Franey,* 142 Pa. 301; *Vanormer v. Hornberger,* 142 Pa. 575; *Ulrich v. Reinoehl,* 143 Pa. 238;[2] (see also *Gibbons' Estate,* 331 Pa. 36, 42) ; *Taussig v. United Security Life Insurance & Trust Co.,* 231 Pa. 16; *Hendricks v. Reeves,* 2 Pa. Superior Ct. 545; *Steen v. Lowry,* 85 Pa. Superior Ct. 365, 367.

As against this formidable array of authorities plaintiff relies upon two decisions of the Superior Court, *In re Estate of Vincent Szymanski, Deceased,* 109 Pa. Superior Ct. 555, and *Pashuck, Administrator, v. Metropolitan Life Insurance Co.,* 124 Pa. Superior Ct. 406. In the former of these, an insured, being unable to continue to pay the premiums, assigned the policies to his nephew, who paid the premiums thereafter; it was held that the nephew was entitled to the proceeds of the policies. It may be said of that decision that the Act of 1921 recognizes as an insurable interest one which, in the case of persons related by blood or law, is engendered by love and affection, and, as was said by the lower court in the case, "There was no pecuniary consideration for the change of beneficiary, nor did decedent gain

---

[1] In this case the policy was, from the beginning, intended for the benefit of the person to whom it was subsequently assigned.

[2] In this case the assignee was a creditor of the insured but it was held that his right to recover on the policy was limited to an amount sufficient reasonably to secure the debt.

anything by it. What motive could he have had other than natural love and affection? The claimant was related by blood, and the presumption is that his was 'an interest engendered by love and affection.' The burden was on the insurance company, or . . . on those denying the right of claimant, to prove the contrary."

In the Pashuck case the beneficiary paid the premiums, but there was evidence that she was a creditor of the insured. The court, in a decision in her favor, mistakenly relied upon a dictum in the opinion in *First National Bank of Glen Campbell v. Burnside National Bank*, 314 Pa. 536, 539, that "the insured may take out insurance on his own life, and transfer the policy to whomsoever he pleases, and the transfer will ordinarily be held valid." The authorities cited in support of that statement are all cases in which the insured continued to pay the premiums, and obviously it was only to such situations that the dictum referred.

Since the instructions of the learned trial judge to the jury correctly expressed the law, the court was in error in granting a new trial. To have injected into the case the issue of "good faith," which the court below now thinks should have been done, would have been improper in the light of the well-established law of this Commonwealth.

The order granting a new trial is reversed, and the record is remitted with directions to enter judgment upon the verdict in favor of defendant.